UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 26-mj-86 (DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Bradley John Peltz, | |
| Defendant. | |

This matter is before the Court on Defendant Bradley John Peltz's *Motion for Competency Evaluation & for a Hearing Under 18 U.S.C. § 4241* (ECF No. 8) ("Motion"). Counsel for Defendant Bradley John Peltz reports that she has concerns regarding Mr. Peltz's competence to participate in this matter.

Mr. Peltz appeared before the undersigned Magistrate Judge on Monday, January 26, 2026 for an initial appearance pursuant to Rule 5(c)(3) on a petition for revocation of supervised release filed in the District of Alaska, *United States v. Peltz*, 23-cr-38 (SLJ) (D. Ak.) (ECF No. 60) ("Petition"). According to the Petition, Mr. Peltz absconded from an assisted living facility in Anchorage, Alaska for individuals with severe mental illness and was found a few days later at a hotel in Minneapolis, Minnesota. *Id.* Assistant Federal Defender Lisa Lopez represented Mr. Peltz at his first appearance. During that proceeding, Mr. Peltz waived his right to a removal hearing and requested a detention and preliminary revocation hearing in the District of Minnesota. Based on Mr. Pelz's waiver the Court ordered that he be removed to the District of Alaska.

Mr. Pelz appeared with Ms. Lopez again for his detention and preliminary revocation hearing on January 29, 2026. At that time Ms. Lopez stated that, based on intervening events, she believed Mr. Peltz was not competent to participate in the detention and preliminary revocation

1

hearing and likely had not been competent to waive his removal hearing on January 26. In response, the Court entered an Order on February 2, 2026 withdrawing its order of removal (ECF No. 7).

Mr. Peltz's Motion (ECF No. 8) followed. The Motion requests a court-ordered psychological evaluation pursuant to 18 U.S.C. § 4241, to be conducted at the Sherburne County Jail where Mr. Peltz is presently in custody. The Motion further states that the Minnesota Office of the Federal Defeder intends to retain an expert to conduct the necessary evaluation and requests that the Court conduct a competency hearing in conformity with 18 U.S.C. § 4241 following receipt of the evaluator's report. The Government and the United States Probation Office are in agreement with this request. (*Id*. at 2.)

The Court finds that it has reasonable cause to believe Mr. Peltz presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). The Court therefore agrees that a competency evaluation is necessary and further concludes that proceeding in the manner defense counsel requests best serves the interests of justice and all the parties.

### ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Bradley John Peltz's *Motion for Competency Evaluation & for a Hearing Under 18 U.S.C. § 4241* (ECF No. 8) is **GRANTED**.

2. The Federal Defender's Office shall retain a licensed or certified psychiatrist or psychologist to conduct the competency evaluation.

3. The evaluation must be completed as soon as practicable, but in no case more than thirty days from the date of this Order unless the Court grants an extension for good cause showing that additional time is needed to complete the evaluation.

4. Mr. Peltz shall remain in custody at the Sherburne County Jail throughout the evaluation period. The Court directs the Government to provide a copy of this Order to Sherburne County Jail staff and instruct staff to provide the evaluator with access to the Defendant and otherwise facilitate the evaluation process so that it may be completed as expeditiously as practicable.

5. Upon completion of the examination, the evaluator must prepare a report. Defense counsel shall file the report under seal and make it accessible only to the Court, the Government, and the U.S. Probation Office.

6. The examination report must address: Mr. Peltz's history and present symptoms; a description of the psychiatric, psychological and/or medical tests the examiner employed and their results; the examiner's findings; and the examiner's opinions as to Mr. Pelz's diagnosis and prognosis. The evaluation must also include the examiner's opinions as to whether Mr. Peltz is suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

7. After the report is filed, the Court will conduct a hearing pursuant to 18 U.S.C. § 4241(c) to determine whether Mr. Pelz is competent to proceed.

4

It is **FURTHER ORDERED** that Mr. Pelz's removal, detention and preliminary revocation hearings are continued pending the Court's decision regarding his competency.

Dated: February 4, 2026              *s/ Dulce J. Foster*
                                     Dulce J. Foster
                                     United States Magistrate Judge